**SANDERS LAW GROUP**
Craig Sanders, Esq. (Cal Bar 284397)
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 127613
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOD SEELIE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DIELINE MEDIA LLC,<br><br>　　　　　Defendant. | Case No:<br><br>DEMAND FOR JURY TRIAL |

# COMPLAINT

Plaintiff Tod Seelie ("*Plaintiff*"), by and through his undersigned counsel, brings this Complaint against defendant Dieline Media LLC ("*Defendant*") states and alleges as follows:

# INTRODUCTION

1. This action seeks to recover damages for copyright Infringements under the Copyright Act, 17 U.S.C §101 *et seq*.

2. Plaintiff created several photographs of the interior of "The Plastic Bag

1

Store" in New York City, New York which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Defendant is a media company with a focus on providing information related to the consumer packaging and consumer packaging design industry and which owns and operates a website at URL: thedieline.com (the "*Website*").

4. Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed Plaintiff's photographs on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5. Plaintiff Tod Seelie is an individual who is a citizen of the State of California and who resides in Los Angeles County, California.

6. On information and belief, Defendant Dieline Media LLC, is a California limited liability company with a principal place of business at 5515 Media Dr., Apt. 10, Los Angeles in Los Angeles County, California.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright Infringements claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in California.

9. Venue is proper under 28 U.S.C. §1391(a)(2) because Defendant does

business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.    Plaintiff's Copyright Ownership**

10.    Plaintiff is a professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

11.    Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

12.    Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

13.    Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

14.    On October 17, 2020, Plaintiff authored a photograph of a bakery stand inside the interior of Times Square's "The Plastic Bag Store" ("*Photograph 1*"). A copy of Photograph 1 is attached hereto collectively as Exhibit 1.

15.    Plaintiff published Photograph 1 by commercially licensing it to the Gothamist for the purpose of display and/or public distribution.

16.    In creating Photograph 1, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used

to capture the image.

17. On November 13, 2020, Photograph 1 was registered by the USCO under Registration No. VA 2-227-656.

18. Plaintiff created Photograph 1 with the intention of it being used commercially and for the purpose of display and/or public distribution.

19. On October 27, 2020, Plaintiff authored a photograph of a food store snack shelf inside the interior of Times Square's "The Plastic Bag Store" ("*Photograph 2*"). A copy of Photograph 2 is attached hereto collectively as <u>Exhibit 1</u>.

20. Plaintiff published Photograph 2 by commercially licensing it to the Gothamist for the purpose of display and/or public distribution.

21. In creating Photograph 2, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image.

22. On November 13, 2020, Photograph 2 was registered by the USCO under Registration No. VA 2-227-656.

23. Plaintiff created Photograph 2 with the intention of it being used commercially and for the purpose of display and/or public distribution.

24. All the individual photographs herein listed above are referred to throughout the balance of this Complaint as the "Photographs".

B.     **Defendant's Infringing Activity**

25.    Defendant is the registered owner of the Website and is responsible for its content.

26.    The Website is a key component of Defendant's popular and lucrative commercial enterprise.

27.    The Website is monetized in that it contains paid advertisements and, on information and belief, Defendant profits from these activities.

28.    The Website is monetized in that it advertises and promotes Defendant's sponsored conference by which guests are charged a fee for entrance and, on information and belief, Defendant profits from these activities

29.    On or about November 4, 2020, Defendant displayed both Photograph 1 and 2 on the Website as part of an on-line story at URL https://thedieline.com/blog/2020/11/4/the-plastic-bag-store-aims-to-warn-us-about-plastic-with-puppets-and-satirical-packaging? ("*Infringement 1-2*"). Copies of the screengrabs of the Website including each individual Photograph are attached collectively hereto in Exhibit 2.

30.    Photograph 1 was stored at URL: https://ucarecdn.com/5e906b3b-8bd2-4d7c-9116-fdb84646d756/.

31.    Photograph 2 was stored at URL: https://ucarecdn.com/5e906b3b-8bd2-4d7c-9116-fdb84646d756/.

32. Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed Plaintiff's copyright protected Photographs on the Website.

33. Plaintiff first observed and actually discovered Infringement 1 and 2 on April 7, 2022.

34. On information and belief, each of Plaintiff's Photographs were copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photographs (hereinafter all of the unauthorized uses set forth above are referred to as the "*Infringements*").

35. The Infringements each include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5).*

36. The Infringements are exact copies of Plaintiff's original images that were directly copied and displayed by Defendant on the Website.

37. On information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photographs.

38. On information and belief, Defendant directly contributes to the content

posted on the Website by, *inter alia*, directly employing reporters, authors and editors as its agents, including but not limited to Rudy Sanchez whereby Defendant's Website lists him as a "Contributor" (the "*Employee*").

39. On information and belief, at all material times the Employee was acting within the course and scope of his agency when he posted the Infringements.

40. On information and belief, the Photographs were willfully and volitionally posted to the Website by Defendant.

41. On information and belief, Defendant is not registered as an internet service provider with the USCO pursuant to 17 U.S.C. §512.

42. On information and belief, the Infringements were not posted at the direction of a "user", as that term is defined in 17 U.S.C. §512(c).

43. On information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness on the part of Defendant.

44. On information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

45. Upon information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Website.

46. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

47. Upon information and belief, Defendant monitors the content on its Website.

48. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

49. Upon information and belief, the Infringements increased traffic to the Website and, in turn, caused Defendant to realize an increase in the revenues generated by its paid advertisements and/or sponsored conference event.

50. Upon information and belief, a large number of people have viewed the unlawful copies of the Photographs on the Website.

51. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

52. Plaintiff created the Photographs with the intention of them being used commercially and for the purpose of display and/or public distribution.

53. Defendant's use of the Photographs harmed the actual market for the Photographs.

54. Defendant's use of the Photographs, if widespread, would harm Plaintiff's potential market for the Photograph.

55. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringements, 17 U.S.C. §501 et seq.)

56. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

57. The Photographs are each original, creative works in which Plaintiff owns a valid copyright.

58. The Photographs are properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

59. Plaintiff has not granted Defendant a license or the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

60. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

61. Defendant's reproduction of the Photographs and display of the Photographs constitutes willful copyright Infringements.

62. On information and belief, Defendant willfully infringed upon Plaintiff's Photographs in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photographs without Plaintiff's consent or authority, by using them on the Website.

63. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each of the Infringements pursuant to 17 U.S.C. § 504(c).

64. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

65. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain Infringements of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

66. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

    a.    finding that Defendant infringed Plaintiff's copyright interest in and to the Photographs by copying and displaying it without a license or consent;

    b.    for an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for the Infringements pursuant to 17 U.S.C. § 504(c), whichever is larger;

    c.    for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

    d.    for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

    e.    for pre-judgment interest as permitted by law; and

    f.    for any other relief the Court deems just and proper.

DATED: March 23 2023

**SANDERS LAW GROUP**

By:   */s/ Craig Sanders*
Craig Sanders, Esq. (Cal Bar 284397)
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 127613

*Attorneys for Plaintiff*